UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

NANCY SCARBROUGH,

    Plaintiff,

v.

RAUSCH, STURM, ISRAEL, ENERSON
& HORNICK, LLP, et al.

    Defendant.
_____/

Case No. 18-cv-10462

Honorable Thomas L. Ludington
Magistrate Judge Patricia T. Morris

# ORDER SUSTAINING IN PART AND OVERRULING IN PART DEFENDANTS' OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION IN PART, GRANTING IN PART MOTION TO DISMISS AND DIRECTING CLERK OF COURT TO TERMINATE DEFENDANT CROWN ASSET MANAGEMENT, LLC

On February 8, 2018, Plaintiff Nancy Scarbrough filed a complaint against Defendants Rausch, Sturm, Israel, Enerson & Hornick, LLP (Rausch), Crown Asset Management, LLC, and David J. Canine. ECF No. 1. The complaint alleges violations of the Regulation of Michigan Collection Practices Act (RCPA) (Count I), and the Fair Debt Collection Practices Act (FDCPA) (Count II).[1] Pretrial matters were referred to Magistrate Judge Patricia T. Morris. ECF No. 8.

On May 2, 2018, Defendants David J. Canine and Rausch filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 15. On July 26, 2018, Judge Morris issued a report, recommending that the Court grant Defendants' motion to dismiss in part and denying it in part. Defendants filed their objections on August 3, 2018. ECF No. 21. Plaintiff responded to the objections on August 16, 2018. ECF No. 22. Plaintiff's filing is timely only to the extent Plaintiff seeks to respond to Defendant's objections but is untimely to the extent

---

[1] Plaintiff filed an amended complaint which contains the same two counts but omits Crown Asset Management, LLC as a Defendant. Thus, Crown Asset Management is no longer a party.

Plaintiff seeks to assert any novel objection of her own (which she appears to do on page 13-14). *See* Fed. R. Civ. P. 72(b)(2).

A full factual summary can be found in Judge Morris's report. Rep. & Rec., ECF No. 20. Plaintiff alleges that the "collection lawsuit and false Affidavit in the computerized format" which Defendants filed in state court was use of a materially false, deceptive and misleading representation or means in connection with collection of a debt in violation of § 1692e. (Doc. 14 at PageID.106) Plaintiff also alleges that Defendants made false, deceptive, and misleading representations concerning the legal status of the debt (by alleging a prior lawsuit was filed, i.e., that the debt was sued upon) in violation of § 1692e(2)(A). Plaintiff also alleges false representation or deceptive means were used because the "cut and paste signature" of the lawyer reveals that there was no "meaningful file involvement of an attorney and/or review of the client (Scarbrough) file" in violation of § 1692e(3) and (10). *Id*. Plaintiff also charges a violation of § 1692f "with the false attorney signature directly related to the collection efforts through the lawsuit" "and [c]ollecting amounts that are incidental to the principal obligation[,]" "[f]ailing to correctly state the amount of the debt owed" and "[f]ailing to respond to the Validation and Verification request of Plaintiff but continuing to collect upon the debt with a lawsuit[.]" ECF No. 14 at PageID.107.

Judge Morris found that the only allegations that stated an actionable claim were as follows: 1) that Defendants used a false affidavit, and 2) that Defendants failed to properly verify the debt in response to Plaintiff's request.

**I.**

**A.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation within 14 days after being served a copy of the recommendation. Fed. R. Civ. P. 72(b)(2). A party may respond to another party's objections within 14 days after being served with a copy. *Id.* Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the

district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

**B.**

A pleading fails to state a claim under Rule 12(b)(6) if it does not contain allegations that support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). In considering a Rule 12(b)(6) motion, the Court is directed to construe the pleading in the non-movant's favor and accepts the allegations of facts therein as true. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The pleader need not have provided "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678-79 (quotations and citation omitted).

**C.**

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal for lack of subject matter jurisdiction. Article III of the United States Constitution prescribes that federal courts may exercise jurisdiction only where an actual "case or controversy" exists. *See* U.S. Const. art. III, § 2. "Courts have explained the case or controversy requirement through a series of justiciability doctrines, including, perhaps the most important, that a litigant must have standing to invoke

the jurisdiction of the federal courts." *Parsons v. U.S. Dep't of Justice*, 801 F.3d 701, 709–10 (6th Cir. 2015) (quotations omitted).

"The irreducible constitutional minimum of standing contains three elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). First, Plaintiff must have suffered an injury in fact – an "invasion of a legally protected interest" which is "concrete and particularized" and not "conjectural or hypothetical." *Id.* at 561. Second, the injury must be fairly traceable to the conduct complained of. *Id.* Third, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.*

**II**.

Defendants raise two objections, which will be addressed in turn.

**A.**

First, Defendants object to the conclusion that the affidavit's inaccurate reference to the "obligation having been sued upon three months before any suit was actually filed forced Plaintiff to file a counter-affidavit to prevent Defendants from obtaining a false presumption of a *prima facie* Account Stated Complaint" under MCL 600.2145 and Mich. Ct R. 2.111(C). Rep. & Rec. at 12. Defendants contend that the falsity in the affidavit did not shift the burden of production to Plaintiff. The objection will be sustained.

The affidavit states that the "Plaintiff is the current owner of, and/or successor to, the *obligation sued upon*." ECF No. 18-2 at PGID 219 (emphasis added). The false implication of the statement "the obligation sued upon" was that the lawsuit had already been filed on the date the affidavit was executed.[2] That false implication, however, is not what created Plaintiff's obligation to counter the affidavit in order to avoid the presumption of a *prima facie* Account

---

[2] A more accurate description would have been "the obligation *to be* sued upon." Alternatively, Crown Asset Management could have waited until the date of the filing to have its agent execute the affidavit.

Stated Complaint. The more pertinent aspects of the affidavit that necessitated a rebuttal were: 1) that the obligation existed, 2) that the amount and nature of the obligation were as represented in the affidavit, 3) that Crown Asset Management was indeed the owner of the obligation, and 4) that Ms. Scarborough was properly identified as the debtor responsible for the obligation. To the extent Ms. Scarbrough disagreed with any of those four propositions, she had the obligation to rebut them or face the presumption of a *prima facie* Account Stated Complaint. She had this obligation irrespective of the fact that the affidavit in support of the obligation was executed prior to the filing of the lawsuit and, on the date of execution, incorrectly referred to the obligation as "the obligation sued upon." Thus, the falsity did not create an injury.

Moreover, the statement is not actionable under § 1692e(10). The statement is immaterial in that it would not mislead the "least-sophisticated consumer." *Cheslek v. Asset Acceptance Capital Corp.*, No. 1:16-CV-1183, 2017 WL 7370983, at *6 (W.D. Mich. Dec. 22, 2017) (finding that the affidavit's inaccurate reference to "the obligation sued upon" was not actionable under § 1692c(10) because it would not mislead the least sophisticated consumer).

**B.**

Second, Defendants object to Judge Morris's conclusion that Plaintiff stated a claim for failure to properly verify the debt. The objection will be overruled. Under § 1692g(b), "[i]f the consumer notifies the debt collector in writing" within thirty days of receiving "communication…in connection with the collection of any debt," that he disputes any portion of the debt, "the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt…".

Here, in response to Plaintiff's verification request, Defendant Rausch sent Plaintiff a letter which stated: "The original creditor is Synchrony Bank (Sam's Club personal Credit) and

the current owner's name and address is CROWN ASSET MANAGEMENT, LLC, 3100 BRECKENRIDGE BLVD, STE 725, DULUTH, GA 30096. As of date of this letter, the current balance is $1,375.68." ECF No. 14 at PageID.143.

Judge Morris concluded that the verification was insufficient under *Haddad* because it did not state what was purchased, where it was purchased, or when. In *Haddad*, the Sixth Circuit held as a matter of first impression that "verification" under the FDCPA (which is undefined in the Act) requires a debt collector to:

> provide the consumer with notice of how and when the debt was originally incurred or other sufficient notice from which the consumer could sufficiently dispute the payment obligation. This information does not have to be extensive. It should provide the date and nature of the transaction that led to the debt, such as a purchase on a particular date, a missed rental payment for a specific month, a fee for a particular service provided at a specified time, or a fine for a particular offense assessed on a certain date.

*Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 758 F.3d 777, 786 (6th Cir. 2014).786.

Defendants contend that requiring the creditor to describe the "what, where, and when" for each transaction would be akin to requiring the creditor to "prove" the debt as opposed to merely "verify" the debt. Obj. at 8. This argument was already raised in Defendant's motion to dismiss and rejected. A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004). Proving the what, where, and when, of the transaction would not prove the debt, as it would not establish the alleged debtor's liability.

Defendant cites numerous cases that are either un-published, from another circuit, or which precede *Haddad*. Those case are not controlling. *Haddad* is controlling. Defendants offer

no persuasive explanation for distinguishing *Haddad*. Defendants note that the plaintiff in *Haddad* had repeatedly asked for additional information which the creditor did not provide. Here, by contrast, Plaintiff did not request additional information concerning the nature of the purchase, the date, or the location. This distinction is not meaningful. In articulating the requirements of a debt verification, the *Haddad* court did not condition the applicability of those requirements on the Plaintiff asking for the information. The creditor's obligation to provide the information is triggered by a verification request; the debtor need not request specific information and the debtor's failure to do so does not relieve the creditor of its legal obligations. Here, the verification did not state where or when the purchase took place. It also contained very little information on the nature of the purchase by referencing only "Sam's Club Personal Credit," the amount, and the names of the financial institutions. Under *Haddad*, this letter did not provide enough information "from which the consumer could sufficiently dispute the payment obligation." *Id.*

### III.

Accordingly, it is **ORDERED** that Defendants' first objection is **SUSTAINED** and Defendants' second objection is **OVERRULED**.

It is further **ORDERED** that the Report and Recommendation, ECF No. 20, is **ADOPTED IN PART**, as set forth above.

It is further **ORDERED** that the motion to dismiss, ECF No. 15, is **GRANTED IN PART** and **DENIED** in part, as set forth above.

It is further **ORDERED** that the Clerk of Court terminate **Crown Asset Management, LLC** as a defendant in this case, effective April 18, 2018.

                                          s/Thomas L. Ludington
                                          THOMAS L. LUDINGTON
                                          United States District Judge

Dated: November 9, 2018

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 9, 2018.

                        s/Kelly Winslow
                        KELLY WINSLOW, Case Manager